IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RICHARD KOCHER, )
 )
 Plaintiff, )
 )
 v. ) Case No. 10-3122-CV-S-REL
 )
CONAGRA FOODS, INC. )
BUTTERBALL, LLC, )
JOHN FOUNTAIN, )
and )
TONY IRWIN, )
 )
 Defendants. )

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND</u>**

Before the court is plaintiff's motion to remand on the grounds that (1) there is no diversity of citizenship because plaintiff and defendants Fountain and Irwin are residents of Missouri, (2) plaintiff has made colorable claims against Fountain and Irwin and therefore joinder of those defendants was not fraudulent, and (3) the exclusivity provisions of Missouri's worker's compensation law should not be decided by the federal court as a result of a notice of removal.

I find that removal was improper because plaintiff has made a colorable claim against the resident defendants; therefore, plaintiff's motion to remand will be granted.

*I.   BACKGROUND*

Plaintiff alleges in his petition that on June 22, 2006, plaintiff (a Missouri resident) was employed by Express Personnel Service, a temporary labor company, and was working as a live

haul shuttle driver at a poultry processing plant operated by defendants ConAgra and Butterball. Fountain and Irwin (Missouri residents) were employees of ConAgra and supervised plaintiff. Plaintiff's duties included driving a load of live turkeys between plant locations. On June 22, 2006, plaintiff was operating a Kenworth truck when the frame of the truck broke causing the truck to sligshot into an uncovered ditch, injuring plaintiff. ConAgra and/or Butterball leased the truck and owned, leased, or otherwise controlled the property containing the ditch.

Plaintiff alleges that defendants Fountain and Irwin, who both supervised plaintiff, negligently instructed plaintiff to drive the truck when they knew that the truck was in a dangerous condition, had been improperly repaired numerous times, and was not equipped with a functioning safety belt.

On February 25, 2010, plaintiff filed an action in the Circuit Court of Jasper County against ConAgra, Butterball, John Fountain, and Tony Irwin. On April 1, 2010, defendant ConAgra filed a notice of removal alleging that diversity jurisdiction exists because there is complete diversity of citizenship between plaintiff and defendants ConAgra and Butterball, the amount in controversy exceeds $75,000, defendant Butterball consented to the removal, defendant Tony Irwin consented to the removal, defendant John Fountain had not yet been served, and defendants

Fountain and Irwin were fraudulently joined to destroy federal subject matter jurisdiction.

In the notice of removal, defendant argued that joinder of the individual defendants was fraudulent because state law precludes a cause of action against those defendants. "[T]he exclusive remedy for injury of an employee arising out of and in the course of employment is a claim for compensation under . . . [t]he Missouri Workers' Compensation Statute". Defendant further argues that although plaintiff was an employee of Express Personnel Service, he was performing work "under contract on or about [the defendants'] premises which is an operation of the usual business" and therefore is deemed an employee. Defendant attached an affidavit of Tony Irwin to the notice of removal which states that he was a supervisor at ConAgra, plaintiff was an employee of Express Personnel Services, plaintiff was working at the ConAgra facility pursuant to a contract between ConAgra and Express, the incident occurred on ConAgra's premises, the work being performed by plaintiff at the time of the incident was in the operation of ConAgra's usual business, the operation of live haul trucks was done routinely in ConAgra's business, and absent ConAgra's contract with Express ConAgra would have had to hire permanent employees to drive live haul trucks.

On April 27, 2010, plaintiff filed a motion for remand (document number 7). Plaintiff argues that (1) the exclusivity

provision of the Missouri Workers' Compensation law must be proven by a motion for summary judgment or a trial on the merits, (2) because defendant included an affidavit presenting matters outside the pleadings, it is essentially asking the court to grant summary judgment by way of its notice of removal - stepping from a threshold jurisdictional issue into a decision on the merits, and (3) if state law might impose liability on the resident defendant under the facts alleged (such as the case here), then there is no fraudulent joinder.

On May 14, 2010, defendant ConAgra filed a response in opposition to plaintiff's motion to remand (document number 9). Defendant states that "there is no dispute Plaintiff is a statutory employee of ConAgra" and that "Plaintiff's claim that his supervisors instructed him to operate a truck, that was improperly repaired, at most, alleges a breach of ConAgra's duty to maintain a safe working environment". Defendant argues that the court may look outside the pleadings to determine fraudulent joinder, and that the alleged fact that Fountain and Irwin had knowledge that doing plaintiff's normal work would be dangerous given the alleged problems with the truck is "undeniably insufficient to overcome the immunity enjoyed by Fountain and Irwin."

On May 19, 2010, plaintiff filed reply suggestions (document number 10). Plaintiff points out that defendant incorrectly

stated that there was no dispute that plaintiff is a statutory employee of ConAgra, because plaintiff does indeed dispute that issue.

## II.  *REMAND*

On its face defendant's notice of removal lacks diversity -- the basis for federal subject-matter jurisdiction.  When a plaintiff has joined a non-diverse party as a defendant in its state case, the defendant may avoid remand -- in the absence of a substantial federal question -- only by demonstrating that the non-diverse party was fraudulently joined.  Filla v. Norfolk Southern Railway Company, 336 F.3d 806, 809 (8th Cir. 2003) (citing Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)).

Fraudulent joinder is the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal.  Filla v. Norfolk Southern Railway Company, 336 F.3d at 809.  The fraudulent-joinder standard is based on reasonableness.  Id. at 810.

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.  "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."  However, if there is a "colorable" cause of action -- that is, if the state law might impose

5

> liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder. As we recently stated in Wiles, "... joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. (citations omitted)(emphasis in the original).

In ruling a motion to remand, the district court is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. Id. In making such a prediction, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. (citing Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999). "However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law." Id. (emphasis in the original).

In situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977).

Under Missouri law, regardless of the exclusivity provisions of the workers' compensation statute, an employee may sue a

fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace. Burns v. Smith, 214 S.W.3d 335, 338 (Mo. banc 2007). "The question of what constitutes an 'affirmative negligent act' has not proven susceptible of reliable definition,' and . . . the courts 'have essentially applied the rule on a case-by-case basis with close reference to the facts in each individual case.'" Id. (quoting State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 622 (Mo. banc 2002)). The notion of an affirmatively negligent act can best be described as "an affirmative act that creates additional danger beyond that normally faced in the job-specific work environment." Burns v. Smith, 214 S.W.3d at 338.

In Burns v. Smith, 214 S.W.3d 335 (Mo. banc 2007), the plaintiff sued a co-worker who had welded an excessively corroded water tank and then instructed the plaintiff to "run it till it blows." The Court held that the co-worker's instructing the plaintiff to "run it till it blows" was the most compelling evidence that established the something-more element because it was an admission that he was aware the water tank was dangerous and would eventually explode. "By those words, defendant intentionally directed the plaintiff to undertake an activity that defendant knew would result in a particularly dangerous event." Id. at 340. The Court held that whether the act of

welding an excessively corroded water tank would have been sufficient "need not be determined" because the instruction by the defendant was itself sufficient.  Id.

In this case, plaintiff alleges that Fountain and Irwin instructed plaintiff to use a truck that they knew was in a dangerous condition, had been improperly repaired numerous times, and was not equipped with a functioning safety belt.  Resolving all facts and ambiguities in the plaintiff's favor as I must, I find that the Missouri courts may impose liability upon Fountain and Irwin based upon these facts.  As a result, defendant has failed to meet its burden of demonstrating that the non-diverse parties were fraudulently joined.

### *III. CONCLUSION*

Based on all of the above, I find that under Missouri law a reasonable basis exists for predicting that liability might be imposed upon defendants John Fountain and Tony Irwin, and the ultimate success or failure of plaintiff's claims is best left to the Missouri Courts.  Therefore, because there is no complete diversity of citizenship, this court lacks subject matter jurisdiction and 28 U.S.C. § 1447(c) mandates remand.

It is

ORDERED that plaintiff's motion to remand is granted.  It is further

ORDERED that the Clerk of Court for the Western District of Missouri return this action to the Circuit Court of Jasper County, Missouri.

                                        /s/ Robert E. Larsen
                                        ROBERT E. LARSEN
                                        United States Magistrate Judge

Kansas City, Missouri
January 12, 2011